**DIAMOND'S ESTATE v. COMMISSIONER OF INTERNAL REVENUE.**
No. 106, Docket 20353.

Circuit Court of Appeals, Second Circuit.
Feb. 7, 1947.

---

[1] As other objections made by defendants are even more frivolous, they do not deserve mention.

convinced of the correctness of that characterization; cf. McGrew's Estate v. Commissioner, 6 Cir., 135 F.2d 158, 148 A.L.R. 1045. In any event, the deed was finally executed some years after Diamond had originally expressed his fears regarding his finances, shortly after he had recovered from a serious illness, and on the same day that he executed his will. The amendment may therefore have been induced by a variety of motives. Such an amalgam of motives raises an issue of fact for the Tax Court to determine. As the finding that the transfer was made in contemplation of death is sufficiently supported by the record, our inquiry may go no further.

Affirmed.

Robert L. Redfield, Jr., of New York City, (Milton A. Willment, Jr., of New York City, of counsel), for petitioner.

Sewall Key, Helen R. Carloss, and Carlton Fox, all of Washington, D. C., for respondent.

Before AUGUSTUS N. HAND, CHASE, and FRANK, Circuit Judges.

FRANK, Circuit Judge.

The only question for us to decide is whether there is "warrant in the record" for the Tax Court's finding. Dobson v. Commissioner, 320 U.S. 489, 501, 64 S.Ct. 239, 88 L.Ed. 248. There is no rule of general application involved in this case (Bingham v. Commissioner, 325 U.S. 365, 65 S.Ct. 1232, 89 L.Ed. 1670), but simply a finding of fact as to what constituted the impelling motivation for the transfer. Appellants argue that the Tax Court's finding lacks support in the evidence. They say that the decedent's desire to protect the trust from depletion during his lifetime was the sole motive for the amendment, and that this was clearly a "life-motive." We are not